Filed 4/22/22  P. v. Briseno CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOEY BRISENO,<br><br>Defendant and Appellant. | F083156<br><br>(Super. Ct. No. F21902538)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Francine Zepeda, Judge.

Rex Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Poochigian, Acting P. J., Smith, J. and DeSantos, J.

Appointed counsel for defendant Joey Briseno asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. Defendant responded, contending (1) he signed a plea agreement that he did not agree with because defense counsel misinformed him that he would serve half of his time under the plea agreement, but then the trial court informed him he would serve 85 percent of his time, and (2) he did not commit robbery because he had paid for the item he took. Finding no arguable errors that would result in a disposition more favorable to defendant, we affirm.

## BACKGROUND[1]

On June 14, 2021, defendant pled no contest to robbery (Pen. Code, § 211)[2] in exchange for a sentencing lid of three years to run concurrently with the sentence in another case, dismissal of his other counts and his prior strike conviction. The trial court informed defendant he was pleading to a strike offense, but custody credits were never discussed on the record during the plea hearing.

On July 26, 2021, at the sentencing hearing, the trial court stated it intended to follow its indicated sentence of two years. In response, defense counsel stated she had a question about credits, then said: "I understand that he is limited to 15 percent. However, because the strike prior was dismissed, I think he is entitled to the 50 percent time credits. So he should, instead of 18 good time work time, he should have at least 123 good time work time." But the court, probation officer, and prosecutor all agreed that because defendant's current offense was a strike, his credits were limited. Defendant told the court defense counsel had told him he would receive 50 percent credits. The following then occurred:

---

[1]     The record does not contain a factual summary.

[2]     All statutory references are to the Penal Code.

"THE COURT: I know I advised you when I took the plea that it's a strike offense. If you want me to appoint an attorney to see if you want to withdraw your plea, but it would have to be that you were actually told that, not that you assumed that.

"THE DEFENDANT: I was actually told that, that it was striking the strike and get good time work time over the phone with [defense counsel] and I said okay. So she said see you in court today. And, um, here I am. And now I'm getting told something else.

"THE COURT: Okay. And the fact of the matter is, you would start all over again. You may not get any better. You may get worse. It's up to you. If you want to talk to another attorney, I will appoint an attorney—I will appoint [an alternate defender] to represent you to see if you want to withdraw your plea and we will not go forward with sentencing.

"THE DEFENDANT: Well, it's not fair that I was told something else, that's why.

"THE COURT: Well, I'm giving you the right to change that. I don't know what would happen then. I'm not going to be that Judge. You will not have my indicated [sentence]. It will be a new judge.

"THE DEFENDANT: Right. So you are not striking my strike?

"THE COURT: We struck your strike. Nonetheless, you entered a plea to a [section] 211 robbery offense. A robbery offense is a strike offense. So now you have two strike offenses.

"THE DEFENDANT: Right.

"THE COURT: But that means that you limit—you are limited to the number of days you get for good time work time. If you would like to talk to another attorney, I will appoint some other attorney to represent you. If you would like to sit there for a minute or two, I will put you back in the box for a little bit, or you can come back in a week and decide what you want to do. I will be here next week. You can decide if you want to think about it, if you want to go forward, or if you want a new attorney to talk to you about withdrawing your plea. You can have someone who talks to you about that, however you wish to proceed. It doesn't look like we are proceeding on the sentencing today though.

"THE DEFENDANT: Okay. So right now—

3.

"THE COURT: I will do what you want. But if you want to think about it.

"[DEFENSE COUNSEL]: He wants to proceed.

"THE COURT: Okay. So, [defendant], I will let you continue your statement, sir. Go ahead. You were asking for a program. I interrupted you. You may continue it.

"THE DEFENDANT: Well, there's no point. I'm ready to give you what you want, Your Honor.

"THE COURT: Okay.

"THE DEFENDANT: Amen.

"THE COURT: Okay. I'm going to follow my indicated, which was two years prison. Any legal cause?

"[DEFENSE COUNSEL]: No, Your Honor. Waive formal arraignment.

"THE COURT: Okay. Probation will be denied. [Defendant] will be committed to the California Department of Corrections and Rehabilitation as to Count 10, for the mitigated term of two years. He is to receive the following time credits: 142 days total; 124 actual, 18 good time work time, which is limited to 15 percent, pursuant to Penal Code Section 2933.1."

On August 3, 2021, defendant filed a notice of appeal. The trial court granted his request for a certificate of probable cause.

## DISCUSSION

**I.     Plea Agreement**

It is clear from the record that defense counsel mistakenly believed defendant was eligible for 50 percent credits because his *prior* strike had been dismissed. His current offense, however, was also a strike. Section 2933.1, subdivision (a) states that "[n]otwithstanding any other law, any person who is convicted of a felony offense listed in subdivision (c) of Section 667.5 shall accrue no more than 15 percent of worktime

4.

credit ….” Robbery, the crime to which defendant pled, is listed in section 667.5, subdivision (c)(9).

We assume for the sake of discussion that defense counsel incorrectly represented to defendant that he would receive 50 percent credits if he accepted the plea offer. But because the law limited the credits defendant could receive, the agreement as he and defense counsel viewed it could not be specifically enforced under the law; the only possible remedy was withdrawal of the plea (to then either go to trial or perhaps negotiate a new plea agreement).[3] We can find no prejudice to defendant because the trial court gave him the opportunity to withdraw his plea and he declined to do so.

## II.    Innocence

Defendant's argument that he did not commit the crime to which he pled is not a tenable one, as his no contest plea admitted all the elements of the charged crime. (§ 1016, subd. 3; *People v. Wallace* (2004) 33 Cal.4th 738, 749; *People v. Valladoli* (1996) 13 Cal.4th 590, 601 [guilty plea amounts to a guilty verdict by a jury].)

## III.    Conclusion

Having undertaken an examination of the entire record, we find no evidence of arguable error that would result in a disposition more favorable to defendant.

### DISPOSITION

The judgment is affirmed.

---

[3]    “At any time before judgment, or within six months after an order granting probation if entry of judgment is suspended, a trial court may permit a defendant to withdraw a guilty plea for 'good cause shown.' (§ 1018.) 'Mistake, ignorance or any other factor overcoming the exercise of free judgment is good cause for withdrawal of a guilty plea' under section 1018 [citation], and section 1018 states that its provisions 'shall be liberally construed … to promote justice.' ” (*People v. Patterson* (2017) 2 Cal.5th 885, 894.)